## The People of the State of Illinois by Edward J. Brundage, Attorney General, Appellee, v. Edward R. Litsinger, Appellant.

### Gen. No. 26,979.

1. QUO WARRANTO—*applicability to office of ward committeemen.* The position of ward committeeman of a political party is not a public office, and an information in the nature of a quo warranto will not lie to try title thereto.

2. OFFICERS—*necessity that ward committeemen reside in the ward represented.* Paragraph 5, sec. 9, of the Primary Act as amended by the Act of 1913 (Sess. Laws 1913, p. 312, Cahill's Ill. St. ch. 46, ¶ 389, subd. 5) does not require that ward committeemen shall reside in the ward they represent.

Appeal from the Circuit Court of Cook county; the Hon. F. R. DEYOUNG, Judge, presiding. Heard in the Branch Appellate Court at the April term, 1921. Reversed and remanded with directions. Opinion filed December 6, 1921.

LITSINGER, HEALY & REID, for appellant; JOHN J. HEALY and JAMES P. HARROLD, of counsel.

EDWARD J. BRUNDAGE, for appellee; FREDERICK A. BROWN, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an information in the nature of a quo warranto, filed by the Attorney General, charging the defendant, Edward R. Litsinger, with usurping the office of ward committeeman of the Republican political party of Cook county, to which he was duly elected under the Primary Act of March 9, 1910, in force July 1, 1910 (Cahill's Ill. St. ch. 46, ¶ 381 et seq.), while residing in the fifth ward of the City of Chicago, and seeks to oust him from such position on the ground that he has removed from said ward since said election to another ward of said city, and continues to execute and usurp the office of ward committeeman without any warrant, title or right whatsoever. Defendant's demurrer to the information was overruled, and he elected to stand thereby.

From the judgment of ouster the appeal was first taken to the Supreme Court on the theory that a franchise as well as an office was involved. The Supreme Court, presumptively holding to the contrary, has transferred the appeal to this court, and the main question presented here is whether the position of ward committeeman, as provided for by said Primary Act, as amended by the Act of 1913 (Sess. Laws 1913, secs. 9 and 10, pp. 312-15, Cahill's Ill. St. ch. 46, ¶¶ 389, 390) is an office the title to which can be tried by an information in the nature of a quo warranto.

In an opinion filed this day in *People v. Brady, ante*, p. 95, involving that question, we held that it is not such an office. We need not repeat here, therefore, what is there said on that subject. It necessarily follows from that conclusion that the demurrer was improperly overruled and should have been sustained.

But were we to reach a different conclusion on that subject, the ground upon which ouster is sought, namely, disqualification for nonresidence in the ward from which defendant was elected, would still compel

us to hold that the demurrer should have been sustained.

The statute creating such position does not require that a ward committeeman shall reside in his ward. The only provision in the act making any reference to his residential qualifications is that contained in paragraph 5 of section 9 of said Act (Cahill's Ill. St. ch. 46, ¶ 389, subd. 5), which reads:

"The city central committee of each political party shall be composed of the precinct committeemen of such party residing in such city, excepting that in incorporated cities or villages having a population of 200,000 or over, then the city central committee shall be composed of the ward committeemen residing within the territorial limits of said city or village, which said ward committeeman shall be elected at large in their respective wards."

It cannot reasonably be contended that this section requires residence in the ward from which a committeeman is elected. The final words quoted, "In their respective wards," carry no such implication. That clause means nothing more than that each ward committeeman must be elected at large in the ward he represents. If it meant that he should reside in said ward then the previous sentence requiring him to reside "within the territorial limits of such city or village" would be entirely superfluous. It is the last-quoted clause only which fixes a residential qualification. The statute does not prescribe any duty or act to be performed by a ward committeeman as such, or in the ward he represents. It only makes him a member either of the county central committee or the city central committee for the city embracing his ward, as provided for in paragraphs 3 and 5 of section 9 aforesaid. The statute requires him to be a resident of the city in which his ward is situated and hence his county, presumably because it is with reference to them, and not to a particular ward, that he is called

upon to act in the 'said political conventions of his party, which act as a body.

The judgment of ouster must, therefore, be reversed and the cause remanded with directions to sustain the demurrer and dismiss the information.

*Reversed and remanded with directions.*

Gridley, P. J., concurs.

Mr. Justice Morrill took no part in the decision of this case.